UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:23-cv-81078

HEAVEN EMERALD AGUILETA,

    Plaintiff,

v.

"B"ING THE BEST INC.

    Defendant,

_____/

## COMPLAINT

The Plaintiff, HEAVEN EMERALD AGUILETA, (hereinafter Plaintiff), by and through undersigned counsel, hereby sues Defendant "B"ING THE BEST INC. (hereinafter Defendant), on the grounds set forth herein.

## INTRODUCTION

1.      This is a pregnancy discrimination action by Plaintiff against Defendant for terminating Plaintiff's employment and/or failing to hire her because she was pregnant. Defendant interviewed and hired Plaintiff but then immediately terminated her offer of employment when she showed up for orientation and Defendant learned she was pregnant. Plaintiff sues pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e et seq., as amended by the Pregnancy Discrimination Act, 42 U.S.C.A. § 2000e(k) (collectively hereinafter "Title VII"), and the Florida Civil Rights Act of 1992, Section 760.10, Florida Statutes, (hereinafter "FCRA"), for lost wages, compensatory and punitive damages, declaratory and injunctive relief, and attorney's fees and litigation expenses.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff's Title VII claims pursuant to 28 U.S.C. §1331 and §1343.

3.      Plaintiff invokes this Court's supplemental and pendant jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1367 because they arise out of the same operative facts as the Title VII claims.

4.      The venue of this action is properly placed in the Southern District of Florida, West Palm Beach Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful, were committed in Palm Beach County, within the jurisdiction of this Honorable Court.

## PARTIES

5.      At all times material hereto, Plaintiff was *sui juris*.

6.      At the time Plaintiff applied, interviewed, and accepted the job offer from Defendant, her legal name was Ruby Lara Baca.

7.      Plaintiff legally changed her name to Heaven Emerald Aguileta on February 24, 2022.[1]

8.      Plaintiff is a member of certain protected classes of persons under Title VII and the FCRA because of her pregnancy.

9.      Defendant is a Florida Profit Corporation, conducting business in Palm Beach County, Florida, and within the jurisdiction of this Honorable Court.

10.     At all times material hereto, Defendant was an employer engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or

---

[1]      Plaintiff's name change occurred after Defendant's illegal conduct but before Plaintiff filed her charge of discrimination.

more calendar weeks in the current or preceding calendar year, within the meaning of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

11.     At all times material hereto, Defendant employed fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, as defined by the FCRA, Fla. Stat. § 760.02(7).

## PROCEDURAL REQUIREMENTS

12.     On or about April 21, 2022, Plaintiff timely dual-filed her Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR).

13.     To date, over 180 days have passed since the filing of the Charge without the FCHR either conciliating Plaintiff's claims or making a finding of no-cause against her, giving Plaintiff the right to bring a civil action on those claims.

14.     On or about April 27, 2023, the U.S. Equal Employment Opportunity Commission, issued to Plaintiff a Notice of Right to Sue with respect to such charge of discrimination.

15.     The present Complaint is being filed within 90 days from the Plaintiff's receipt of the Notice of Right to Sue.

16.     All conditions precedent to this action have been satisfied, have been waived, or would be futile.

## GENERAL ALLEGATIONS

17.     In February of 2022, Plaintiff applied for a cashier position at Defendant's restaurant.

18.     On February 8, Plaintiff was contacted by a restaurant manager named Robin to interview with a man named Jocelyn. That interview was scheduled to take place the next day, February 9.

19.     Jocelyn interviewed Plaintiff on February 9, and he offered her the position at the end of the interview.

20.     Plaintiff accepted the job offer, and Jocelyn instructed Plaintiff to begin orientation Monday, February 14, at Defendant's Delray Beach, Florida, location.

21.     Plaintiff arrived at orientation as scheduled. Upon arrival, Plaintiff met Robin in-person for the first time. Robin told Plaintiff the orientation had been cancelled for the day, and she should report to a different location, in Boca Raton, Florida, the next day, February 15.

22.     Plaintiff arrived at the Boca Raton location on February 15, as scheduled. This time, Robin terminated and/or refused to hire Plaintiff by telling her she could no longer hire Plaintiff because Plaintiff was pregnant.

23.     Robin then instructed Plaintiff to reapply for the same position after she had her baby.

## PREGNANCY DISCRIMINATION IN VIOLATION OF TITLE VII

24.     Plaintiff, realleges and adopts, as if fully set forth in this Count, all the allegations in ¶¶ 1-23.

25.     Pursuant to Title VII, 42 U.S.C. §2000e Section 703 (a), "It shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify its employees or applicants for employment

in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

26. Plaintiff was qualified for the cashier position.

27. Plaintiff was, and continues to be, a member of a protected class under Title VII.

28. Defendant willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her pregnancy, in violation of Title VII, by terminating and/or failing to hire Plaintiff based on her pregnancy status.

29. Defendant terminated and/or failed to hire Plaintiff because of her pregnancy status.

30. Defendant's violations of Title VII were willful, as its managers engaged in the above-described actions while knowing that same were impermissible under the law.

31. As a direct and proximate result of Defendants' discrimination, Plaintiff has suffered substantial losses, including lost income, wages and benefits as well as mental anguish, stress, and anxiety.

WHEREFORE, Plaintiff prays that this Court will grant:

a. judgment in her favor and against Defendants for violation of the anti-discrimination provisions of Title VII;

b. judgment in her favor and against Defendant for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c. judgment in her favor and against Defendant for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct.

d.      judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

e.      judgment in her favor and against Defendant for punitive damages;

f.      declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the Title VII; and

g.      an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## PREGNANCY DISCRIMINATION IN VIOLATION OF THE FCRA

32.      Plaintiff, realleges and adopts, as if fully set forth in this Count, all the allegations in ¶¶ 1-23.

33.      The FCRA provides at § 760.10(1), Fla. Stat.:

It is an unlawful employment practice for an employer:

(a)      To discharge or…discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status.

(b)      To limit,…or classify employees…in any way which would deprive or tend to deprive any individual of employment opportunities, or adversely affect any individual's status as an employee, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status.

34.      Plaintiff is a member of a protected class under the FCRA based upon her status as a pregnant woman.

35.      Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her pregnancy, in violation of the FCRA, by terminating and/or failing to hire Plaintiff based on her pregnancy status.

36.     Defendant's violations of the FCRA were willful, as its managers engaged in the above-described actions while knowing that same were impermissible under the law.

37.     As a direct and proximate result of Defendant's discrimination, Plaintiff has suffered substantial losses, including lost income, wages and benefits as well as mental anguish, stress, and anxiety.

WHEREFORE, Plaintiff prays that this Court will grant:

a.      judgment in her favor and against Defendants for violation of the anti-discrimination provisions of the FCRA;

b.      judgment in her favor and against Defendant for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c.      judgment in her favor and against Defendant for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct.

d.      judgment in her favor and against Defendants for her reasonable attorneys' fees and litigation expenses;

e.      judgment in her favor and against Defendant for punitive damages;

f.      declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the FCRA; and

g.      an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**JURY TRIAL DEMAND**

Plaintiff demands trial by jury on all issues so triable.

Dated this 25th day of July, 2023.

Respectfully submitted,

**Brenton Legal P.A.**
*Counsel for Plaintiff*
1070 E. Indiantown Rd., Suite 400
Jupiter, FL 33477
Phone: 954-639-4644
Service: eservice@brentonlegal.com

By:   *Travis Beal*
Christopher Fennell, Esq,
Florida Bar No.: 113546
caf@brentonlegal.com
Travis Beal, Esq.
Florida Bar No.: 104890
tjb@brentonlegal.com